UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH JORDAN,

    Petitioner,

v.

Case Number 17-10729
Honorable Thomas L. Ludington

CONNIE HORTON,

    Respondent.

_____/

## **OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE**

Petitioner Joseph Jordan, a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan, recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Simultaneously, he filed a motion to hold his petition in abeyance. ECF No. 3. The petition challenges Petitioner's Wayne County, Michigan conviction and sentence of thirteen to thirty years for armed robbery, Mich. Comp. Laws § 750.529. He raises two sentencing claims in his habeas petition and also argues that the evidence at trial was insufficient to sustain his conviction. In his motion to stay proceedings, Petitioner alleges that the state trial court has not issued a final decision on his sentencing claim. For the reasons given below, the Court will grant Petitioner's motion for a stay and hold the habeas petition in abeyance.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery. On February 6, 2014, the trial court sentenced Petitioner to prison for thirteen to thirty

years. In an appeal to the Michigan Court of Appeals, Petitioner challenged the sufficiency of the evidence at trial and the trial court's scoring of offense variable 4 of the Michigan sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *See People v. Jordan*, No. 320555, 2015 WL 3766797 (Mich. Ct. App. June 16, 2015).

Petitioner alleges that he raised the same issues in the Michigan Supreme Court. On March 8, 2016, the Michigan Supreme Court reversed the trial court's judgment in part and remanded the case to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). The Court denied leave to appeal in all other respects because it was not persuaded to review the remaining issues. *See People v. Jordan*, 875 N.W.2d 199 (Mich. 2016).

On March 6, 2017, Petitioner filed his habeas petition. He raises the two claims that he presented to the Michigan Court of Appeals on direct appeal and also argues that his Sixth and Fourteenth Amendment rights were violated by judicial fact-finding, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In his motion to stay proceedings, Petitioner asks the Court to temporarily hold his case in abeyance because the state trial court, on remand, has not yet made a determination about his sentence, as ordered by the Michigan Supreme Court. Petitioner states that he filed his habeas petition before exhausting state remedies to avoid having his federal petition barred by the statute of limitations.

**II.**

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review

process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. A federal district court ordinarily must dismiss a "mixed" petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, as explained in *Rhines v. Weber*, 544 U.S. 269 (2005),

> [t]he enactment of [the Antiterrorism and Effective Death Penalty Act (AEDPA)] in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved Lundy's total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d) . . . .
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 274–75.

In light of this problem, some district courts have adopted a "stay-and-abeyance" approach. *Id*. at 275. Under this approach, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such

> circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Id*. at 278.

Petitioner exhausted state remedies for his challenge to the sufficiency of the evidence, but he apparently has not yet exhausted state remedies for his sentencing claims. Although the state court's docket indicates that the trial court conducted a post-conviction proceeding in Petitioner's case on March 14, 2017, *see People v. Jordan*, No. 13-008896-01-FC (Wayne Cty. Cir. Ct. Mar. 14, 2017), it is not clear to this Court whether the trial court re-sentenced Petitioner, reaffirmed its initial sentence, or took some other action on March 14, 2017. Consequently, it is difficult to say whether the state court proceedings have come to an end and whether the habeas statute of limitations, 28 U.S.C. § 2244(d), has begun running.

Thus, Petitioner has shown good cause for his failure to exhaust state remedies, and there is no indication that he is engaged in intentionally dilatory litigation tactics. His interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of his federal petition.

### III.

Accordingly, it is **ORDERED** that Petitioner's request for a stay and to have his habeas petition held in abeyance, ECF No. 3, is **GRANTED.**

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to close this case for administrative purposes.

It is further **ORDERED** that, if Petitioner is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using

the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **sixty (60) days** of the state courts' resolution of Petitioner's claim about his sentence. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

Dated: May 16, 2017                  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager